IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01035-RPM-KLM

ROBBIN GILL,

    Plaintiff,

v.

POWELL LAW OFFICE, P.C., and
DOES 1-10,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Default Judgment** [Docket No. 10; Filed August 3, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court for recommendation. [#11]. Plaintiff seeks a default judgment against Defendant Powell Law Office, P.C. ("Defendant"). For the reasons set forth below, the Court recommends that the Motion be **GRANTED IN PART**.

### I. BACKGROUND

**A.**    **Procedural History**

Plaintiff initiated this lawsuit on April 18, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). *Complaint* [#1] at 3-5. Defendant was served with the Summons and Complaint on May 1, 2012. [#6]. Defendant, however, failed to answer or otherwise respond to Plaintiff's Complaint. Following Plaintiff's request for entry of default

1

pursuant to Fed. R. Civ. P. 55(a) [#7], the Clerk of Court entered default against Defendant on June 5, 2012. [#8]. Defendant has not responded to the Clerk's entry of default or the present Motion.

**B.     Factual Allegations**

Plaintiff alleges in the Complaint [#1] that she incurred a debt of approximately $390.00 to Pay Day Loan for family, personal or household expenses. She alleges that the debt was purchased by, assigned to or transferred to Defendant for collection, or that Defendant was employed by Pay Day Loan to collect the debt.

Plaintiff further alleges that within the last year, Defendant contacted her in an attempt to collect the debt. She claims that Defendant placed calls to her "on a daily basis, approximately twice a day." She alleges that due to Defendant's persistence, she believed that to get the calls to stop, she had no other option but to set up a payment plan with Defendant.

Plaintiff also alleges that when Defendant's representatives spoke to her, they made rude and threatening remarks. Plaintiff identifies two statements made by Defendant's representative. First, a representative named Justin asked, "Why are you trying to live above your means?" Second, during the same conversation, Justin stated, "If you don't want to pay, your check could be garnished and there could be court fees." Lastly, Plaintiff alleges that Defendant failed to send her a 30-day validation notice informing her of the right to dispute the debt, among other rights. Based on these factual allegations, Plaintiff claims that Defendant violated multiple provisions of the FDCPA.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit. Here, entry of default was proper because Defendant failed to respond to Plaintiff's Complaint. Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment and whether the damages can be ascertained.

**A.    Jurisdiction**

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Associates, Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

**1.    Subject Matter Jurisdiction**

Plaintiff asserts that the Court has jurisdiction over this matter because the action arises out of alleged violations of the FDCPA, 15 U.S.C. §§ 1692 - 1692p. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's causes of action arise under federal law, the Court has jurisdiction over the subject matter.

Additionally, pursuant to a jurisdictional provision in the FDCPA at 15 U.S.C. §

1692k(d), a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." Plaintiff filed this action on April 18, 2012, and although she specifies no dates in her Complaint, she alleges that Defendant contacted her "within the last year" in attempting to collect the debt. [#1] at 5. The Court therefore finds that Plaintiff's allegations satisfy the jurisdictional provision of the FDCPA. Accordingly, based on federal question jurisdiction and what appears to be a timely-filed Complaint, the Court finds that it has subject matter jurisdiction over this dispute.

### 2.    **Personal Jurisdiction**

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff's Complaint identifies Defendant as a professional corporation ("PC"). [#1] at 1-2. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association. Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B).

On May 9, 2012, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to an authorized agent of Defendant.

4

[#6]. The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(h).

Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Associates, Inc.*, 115 F.3d at 773.

Plaintiff asserts in the Complaint that Defendant is a Colorado business with an address in Centennial, Colorado. [#1] at 1-2.[1] The Court therefore finds that it has personal jurisdiction over Defendant.

**B.    Factual Basis for Default Judgment**

Even after a proper entry of default, the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (unpublished decision) (quoting *Cablevision of Southern Conn., Ltd. Partnership v. Smith*, 141 F. Supp.

---

[1] The Court also notes that according to the Colorado Secretary of State website, an entity named Powell Law Office, P.C. is registered and in good standing with that office.

2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D.Colo. 2009) (unpublished) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Undisputed facts set forth by the moving party in affidavits and exhibits are also accepted as true. *Id.*

### 1.     Plaintiff's FDCPA Claims

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). All of Plaintiff's claims against Defendant in this case allege violations of the FDCPA. Specifically, Plaintiff alleges that Defendant's debt collection practices violated 15 U.S.C. §§ 1692c(a)(1); 1692d, d(2) and d(5); 1692e(2), e(4), e(5) and e(10); and 1692g(a)(1)-(5). [#1] at 4-5. Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support a default judgment against Defendant for violations of 15 U.S.C. § 1692g(a)(1-5). The Court finds, however, that the allegations fail to support a default judgment on the remaining claims.

#### a.     15 U.S.C. §§ 1692g(a)(1-5)

15 U.S.C. §§ 1692g(a)(1-5) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

> consumer has paid the debt, send the consumer a written notice containing–
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff's allegations refer to an "initial conversation" with Defendant's representative. [#1] at 3. Plaintiff then alleges that Defendant failed to send her a notice of her rights in compliance with §§ 1692g(a)(1-5). Although Plaintiff alleges no additional facts in support her claim pursuant to §§ 1692g(a)(1-5), the Court finds that the facts alleged are sufficient to support a default judgment against Defendant for violating these provisions. Plaintiff's allegations are sufficient to show that Defendant violated the statute by failing to provide within five days of the initial communication a written notice containing the information required by the statute. The Court therefore recommends that a default judgment be entered against Defendant for violating 15 U.S.C. §§ 1692g(a)(1-5).

      **b.**    **15 U.S.C § 1692c(a)(1)**

15 U.S.C. § 1692c(a)(1) prohibits debt collectors from communicating with a

consumer in connection with the collection of a debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." Absent contrary information, the appropriate time to communicate with a consumer is between 8:00 a.m. and 9:00 p.m. *Id.*

Here, Plaintiff presents no factual allegations that Defendant contacted her at an unusual or inconvenient time or place. In fact, Plaintiff provides no information about what times the alleged calls occurred or the place(s) to which the calls were made. The Court therefore finds that the allegations are insufficient to support a default judgment for the alleged violation of § 1692c(a)(1).

### c. 15 U.S.C. §§ 1692d, d(2) and d(5)

15 U.S.C. § 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(2) specifically prohibits "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. § 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

The Court finds that Plaintiff's sparse factual allegations are insufficient to support a default judgment for violations of these provisions. Although Plaintiff alleges that Defendant placed calls to her "on a daily basis, approximately twice a day," she fails to allege the number of days on which the calls occurred or the total number of calls. Plaintiff provides no information about whether she was home when the calls came in, whether she answered the calls or whether messages were left. She identifies only one phone call

during which she had a conversation with Defendant's representative. She cites two statements made to her by Defendant's representative during that call, neither of which used obscene, profane or abusive language. Moreover, the allegations fail to show Defendant caused Plaintiff's phone to ring, or engaged Plaintiff in telephone conversation, "repeatedly or continuously with intent to annoy, abuse or harass" her. For these reasons, the Court finds that the allegations are insufficient to support a default judgment for the alleged violations of § 1692d, d(2) and d(5).

### d.     15 U.S.C. §§1692e(2), e(4), e(5) and e(10)

15 U.S.C. § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(2) specifically prohibits the false representation of "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Here, Plaintiff alleges no facts to show Defendant falsely represented the character, amount or legal status of the debt. Plaintiff alleges that Defendant's representative said, "If you don't want to pay, your check could be garnished and there could be court fees." Plaintiff fails to explain, however, how this, or the other alleged statement by Defendant's representative, falsely represented the character, amount or legal status of the debt. The Court finds that without more, Plaintiff's allegations fail to support a default judgment for a violation of § 1692e(2).

Regarding the alleged violation of 15 U.S.C. § 1692e(4), that section prohibits:

> The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

Although Plaintiff alleges that Defendant's representative told her garnishment could be a consequence of failing to pay the debt, Plaintiff alleges nothing about the lawfulness of such action.  § 1692e(4) only prohibits the type of statement Plaintiff alleges here if pursuing garnishment would be unlawful.  Absent any such allegation by Plaintiff, the Court finds that Plaintiff's claim is insufficient to support a default judgment for a violation of § 1692e(4).

Regarding the alleged violation of § 1692e(5), that provision prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken."  The only factual allegation pertaining to this claim is the same statement by Defendant's representative addressed in the previous paragraph.  The same deficiency identified there applies here.  Plaintiff simply makes no allegations regarding the lawfulness of pursuing a garnishment, the only action Defendant's representative referenced in his communication with Plaintiff.  Absent any facts to support that the representative threatened to take an action that cannot legally be taken, the Court finds that Plaintiff's allegations are insufficient to support a default judgment for a violation of § 1692e(5).

Lastly, Plaintiff alleges a violation of 15 U.S.C. § 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Plaintiff's allegations fail to specifically identify any false representations or deceptive means by Defendant to collect the debt or obtain information about Plaintiff.  As noted above, Plaintiff identifies only two statements by Defendant's representative.  She fails to explain, however, how those statements were false or how they constitute deceptive means to collect the debt.  Without more facts to establish a violation of § 1692e(10), the Court finds that a default judgment for the alleged

violation of that provision is not warranted.

### 2. Damages

In addition to finding that Plaintiff has a legal basis for relief, a default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.*

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, "[a]though upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In the proposed judgment attached to her Motion, Plaintiff requests entry of a default judgment in the amounts of $1,000.00 in statutory damages and $4,000.00 in attorney's fees. Plaintiff also seeks taxable costs. [#10-3]. The Court addresses each in turn.

#### a. Statutory Damages

The FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15 U.S.C. § 1692k(a)(2)(A); *see also Wright v. Fin. Servs. of Norwalk*, 22 F.3d 647, 650-52 (6th Cir. 1994); *Harper v. Better Bus. Servs. Inc.*, 961 F.2d 1562, 1563 (11th Cir. 1992). Thus, regardless of whether Plaintiff establishes a single violation or several violations of the FDCPA, the amount of statutory damages remains the same. *See Harper*, 961 F.2d at 1563. "All that is required for an award of statutory damages is proof that the

statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)). Thus, a determination that Defendant has committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages. *Santacruz v. Stanley & Assoc., LLC*, 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011).

Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages"); *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to Section 1692k(b)(1)).

As stated herein, the Court finds that Defendant violated the written notice provisions of the FDCPA at 15 U.S.C. §§ 1692g(a)(1-5). In light of these violations and Defendant's failure to respond to Plaintiff's Complaint, the Court recommends finding that the nature and willfulness of Defendant's noncompliance with the FDCPA justifies an award of $1,000 in statutory damages against Defendant.

### b. Attorneys' Fees and Costs

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §

1692k(a)(3). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are

sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff fails to request a specific amount for attorney's fees in the Motion. In the proposed judgment attached to the Motion, Plaintiff proposes that the Court award reasonable attorney's fees in the amount of $4,000.00. [#10-3]. Plaintiff, however, has failed to submit any billing records to demonstrate to the Court that the hours billed and the hourly rate charged are reasonable, as required by D.C.COLO.LCivR 54.3.

The FDCPA does not establish "an affirmative duty on attorneys to submit documentation when requesting attorney fees. Rather, the statute permits the *court* to set fees that are reasonable." *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1509 (D.N.M. 1994) (emphasis in original). Therefore, the Court has the discretion to set a "reasonable hourly rate" based on the "prevailing market rates in the relevant community." *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1207 (D.N.M. 2011) (citations and quotations omitted).

Here, Plaintiff's counsel has prepared and filed: 1) a six-page Complaint [#1]; 2) a one-page Request for Entry of Default Against Defendant Powell Law Office, P.C. [#7] with a two-page Declaration [#7-1] by Plaintiff's counsel; and 3) a one-page "Motion for Default Judgment" with the same Declaration [#10-1] by Plaintiff's counsel and a two-page Affidavit [#10-2] by Plaintiff. In these filings, Plaintiff asserts that Defendant violated multiple provisions of the FDCPA. Other than citing the statutory provisions in her Complaint, she cites no case authority in any of her filings. Therefore, in light of: (1) the straight-forward nature of the case; (2) the fact that Plaintiff's claims are based on the FDCPA; and (3) Defendant's failure to respond to any of Plaintiff's filings, the Court recommends awarding

$1,500.00 of the Plaintiff's proposed attorney's fees.  *See Ramos*, 713 F.2d at 554.  The Court recommends the lodestar calculation of $1,500.00 after determining that $250.00 is a reasonable hourly billing rate, and six hours is a reasonable number of attorney hours expended on the pleadings submitted.  Lastly, costs are to be determined by the Clerk of Court based on the filing of a Bill of Costs after judgment.

### III.  RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#10] be **GRANTED IN PART**, as set forth above, and that a default judgment be entered in favor of Plaintiff and against Defendant in the amount of $2,500.00 plus taxable costs.

Pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 20, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

15